IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION

United States of America,       :

        Plaintiff,               :

    v.                           :        Case No. 2:12-mj-561

                                 :
Aaron Josue Acuna-Duenas,                 Magistrate Judge Kemp

        Defendant.               :

                              ORDER

    Defendant is charged, by way of a criminal complaint, with conspiracy to distribute in excess of 1000 grams of heroin.  The Court held a preliminary hearing in the case on August 29, 2012, and found probable cause to support the charge.  Defendant had earlier waived a detention hearing, but filed a motion prior to the preliminary hearing to consider the issue of detention.

    In this case, there is a presumption under 18 U.S.C. §3142(e) that the defendant is either a risk of flight, a danger to the community, or both.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq)...[or] an offense under section 924(c)...of this title... or an offense involving a minor victim [under selected statutes]."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to this rebuttable presumption is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, in a narcotics case, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other

applicable statutes, the defendant need not attempt to prove that he or she did not commit the crime as charged. Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings. If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance. United States v. Dominquez, 783 F.2d 702 (7th Cir. 1986). However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Here, the preliminary hearing did show that the evidence against this defendant is not as strong as it might be against others. Although he was part of a group of people who showed up to take delivery of large amount of heroin, there was no evidence presented that he participated directly in discussions about where to deliver it or what to do with it. On the other hand, he was clearly present when such discussions took place and appeared to be acting in concert with others who did arrange for the delivery of the heroin. He also had an unexplained amount of cash on his person when arrested. Nevertheless, the weight of the evidence does not necessarily weigh in favor of detention.

Of more significance, however, is what little the Court knows concerning the other factors. Because the defendant appears to be in the United States unlawfully, he was not interviewed by a Pretrial Services Officer. If released, he could be taken into custody by immigration officials and removed from the United States, thus making him unavailable for court

appearances.  Further, the Court has no idea if there are suitable living arrangements for him in the community or if he has any ties to this community (or even to the United States).  He could not legally be employed if released.  Given all of these uncertainties, the Court cannot conclude that he has rebutted the presumption of detention arising from the serious drug charge he is facing.  The Court therefore orders him detained pending further proceedings.

The defendant is advised of his right to seek review of this from a United States District Judge under 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge